IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EDDIE JOSEPH BROWN, # 87813                                    PLAINTIFF

v.                                        CAUSE NO. 1:15CV373-LG-RHW

MARSHALL FISHER, JERRY
WILLIAMS, MAUD IRBY, JOE
ERRINGTON, KATHERINE BLOUNT,
MARSHAL TURNER, JACQUELINE
BANKS, FAYE JOHNSON, REGINA
REED, CAPTAIN BEASLEY, and
LIEUTENANT SMITH                                              DEFENDANTS

## ORDER DISMISSING DEFENDANT MAUD IRBY

This case is before the Court *sua sponte*. *Pro se* Plaintiff Eddie Joseph Brown

is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he

challenges the conditions of his confinement. The Court has considered and

liberally construed the pleadings. As set forth below, Defendant Maud Irby is

dismissed for Brown's failure to state a claim against her.

## FACTS AND PROCEDURAL BACKGROUND

Brown is currently housed at the South Mississippi Correctional Institution

("SMCI"). Defendants are all employees of MDOC. Defendant Marshall Fisher is

the Commissioner, Defendant Jerry Williams is the Deputy Commissioner, and

Defendant Maud Irby is the Director of Training for MDOC. Defendant Jacqueline

Banks is the Superintendent of SMCI. Defendant Marshal Turner is the Warden at

SMCI. Defendant Joe Errington is a Deputy Warden and Defendant Katherine

Blount is an Associate Warden at the prison.  Finally, Defendants Faye Johnson, Regina Reed, Captain Beasley, and Lieutenant Smith are correctional officers at the prison.

Brown first complains of three incidents in September of 2015 concerning the alleged denial of food.   His other complaints concern purported issues with inadequate lighting, overcrowding, and a denial of recreation.

Brown alleges that in September of 2015, Turner and Banks instituted a new rule that inmates must have their hands behind their backs while walking from their units to the dining hall.  If not, they will not be allowed to eat.  This, Brown contends, violates MDOC policy that food will not be used as a form of punishment. Brown was first affected by this policy on September 6, 2015, when Reed denied him lunch, because he did not have his hands behind his back.  He was again turned away from dinner that evening and from lunch the next day, for the same reason, by Johnson.  On September 8, Brown submitted a grievance complaining about this new rule to Commissioner Fisher.  Brown accuses both Fisher and Deputy Commissioner Williams of refusing to respond or investigate this complaint.

Subsequently, on September 16, 2015, Reed, Johnson, and Beasley commanded Plaintiff and several other inmates to return to their housing unit without lunch for failing to place their hands behind their backs.  Brown refused to return, argued with the officers, and tried to "peacefully enter" the dining hall. (Compl. at 7).  At this point, he claims Johnson "struck him in the chest with her open palm."  *Id.*  The three officers and Lieutenant Smith then threatened Plaintiff,

2

and he returned to his housing unit.  Plaintiff complains, however, that the four officers refused to issue him a Rule Violation Report for not having his hands behind his back.  He claims they should have done this rather than refuse to feed him.  The next day, Brown submitted a grievance to Banks complaining of the denial of food.  She denied his complaint, since he did not have his hands behind his back.

As for the general conditions of Brown's confinement, he complains that Fisher, Williams, Errington, Blount, Turner, and Banks are denying him adequate lighting.  Specifically, Brown claims that from 7:00 a.m. until 2:00 the next morning, only the security lights are on.  As an result, he is unable to read well, and he is suffering eyestrain, headaches, and fatigue.

Brown also complains that SMCI is overcrowded and understaffed.  He contends that 100 offenders are housed in zones designed to handle approximately sixty.  Brown alleges that only one officer is placed to supervise two zones at once, or 200 inmates.  As a result of this policy, he maintains there is extreme noise, a lack of space, and there is a high rate of assaults by fellow inmates.  Brown claims this has caused him sleep deprivation, to be extorted twice, and he has also been attacked by gang member inmates, who then made him "stay on his rack (without going to eat) so no officers would see his face, [and] they have threaten[ed] to kill [him]."  (Resp. at 5-6).  "The gang member[s] tell certain officers to look the other way while they handle their business and they do."  *Id*. at 5.  The overcrowding has also allegedly caused a denial of recreation from February to September of 2015,

3

and again during the month of November, 2015.  Brown claims there are only two

working toilets, three urinals, and four sinks on the zone, and that the prison has

cut back on the toilet paper.  Brown accuses Fisher, Williams, Errington, Blount,

Turner, and Banks of under staffing and overcrowding the prison.  Brown accuses

Errington, Blount, Turner, Banks, Johnson, Reed, and Beasley of denying Brown

recreation and exercise.  Finally, Brown contends that all Defendants are

maintaining a code of silence, which consists of not telling the public about staff and

inmate violence.

Brown filed this action on September 23, 2015, and he invokes, 42 U.S.C. §

1983, alleging cruel and unusual punishment, excessive force, a deprivation of due

process, and a failure to train.  He also specifies claims under state law for

negligence, denial of due process, denial of his prison grievances, assault, and

battery.  He also claims defamation and intentional infliction of emotional distress.

Brown seeks a declaratory judgment, injunctive relief, as well as compensatory and

punitive damages.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in

forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss

the case at any time if the court determines that . . . the action . . . (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim

4

based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Brown to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Brown asserts claims under the Eighth and Fourteenth Amendments, and state law. Among others, he sues Irby, the Director of Training.

Plaintiff alleges that Irby failed "to properly train prison officials" and failed to investigate complaints or discipline "the correctional officers." (Resp. at 2); (Compl. at 15). Brown also accuses Irby of not telling the public about staff and inmate violence.

Brown's allegations regarding any alleged failure to train are wholly conclusory. He does not specify which officials were not properly trained and in what manner their training was deficient. He states merely that this alleged failure led to the violation of state policy, inhumane conditions of confinement, denial of due process, and negligence. This is the extent of Brown's allegations, despite being given the opportunity to plead more.

5

Brown's allegations that Irby did not investigate complaints, discipline officers, or report staff and inmate violence to the public all fail, because Brown does not allege that Irby received any complaints or that she had any notice of the problems Brown alludes to.  Indeed, he admits that he only sent his grievances to Fisher and Banks.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claims against Defendant Maud Irby should be, and are hereby, **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief could be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED** this the 20th day of January, 2016.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE