IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDDIE JOSEPH BROWN, #87813**　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　**CAUSE NO. 1:15CV373-LG-RHW**

**MARSHALL FISHER, ET AL.**　　　　　　　　　　　　**DEFENDANTS**

### ORDER ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION AND REVOKING IN FORMA PAUPERIS STATUS

BEFORE THE COURT is the Proposed Findings of Fact and Recommendation [33] of United States Magistrate Robert H. Walker, in which he recommends that Plaintiff Eddie Joseph Brown's *in forma pauperis* status be revoked. After due consideration of Brown's objections, the Court adopts the Magistrate Judge's recommendation.

### DISCUSSION

Brown is an inmate at the South Mississippi Correctional Institution. He was granted leave to proceed *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. (*See* Order Setting Payment Schedule, ECF No. 7). After Brown was granted IFP status, Magistrate Judge Walker discovered that Brown has at least three "strikes" against him. Magistrate Judge Walker accordingly concluded that pursuant to 28 U.S.C. § 1915(g), Brown is not entitled to proceed *in forma pauperis* in this lawsuit.

Brown filed a response to the Magistrate Judge's recommendation in which he does not dispute that he has accrued three strikes, but argues that he qualifies for the exception to the three strikes provision because he is under imminent danger of serious physical injury. Specifically, Brown claims that he was physically attacked by

Captain Johnson on September 16, 2015, threatened by four correctional officers, and is subjected to overcrowded and understaffed conditions at the SMCI, where the lighting and recreation time is inadequate. (*See* Pl. Opp. to Proposed Findings of Fact & Rec. 2-3, ECF No. 35).

The Fifth Circuit has instructed that in order for the imminent danger of serious physical injury exception of § 1915(g) to apply, courts "must determine if danger exists *at the time the plaintiff seeks to file his complaint or notice of appeal IFP.*" *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (emphasis in original). Brown's allegations that he was injured and threatened two months prior to filing his lawsuit do not meet this standard. *See id.* at 884 (allegations that prison officials sexually harassed the plaintiff by conducting body cavity searches before he filed his complaint not sufficient); *Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011) (assertions of being threatened in the past not sufficient).

Brown's allegations concerning the prison conditions at the SMCI are similarly insufficient. The allegations describe insufficient daytime lighting that affects his eyesight, denial of food on four occasions, inadequate recreation or exercise time, "substantial overcrowding" and inadequate supervision. (Compl. 5-11, ECF No. 1). These complaints of discomfort do not reach the level of imminent serious physical injury. *See, e.g., McCoy v. Murray*, 600 F. App'x 250, 251 (5th Cir. 2015); *Warren v. Ellis Cty.*, 519 F. App'x 319, 320 (5th Cir. 2013).

Brown also argues that the three strikes provision of 28 U.S.C. § 1915 violates his right to due process, as he will be unable to bring his claims without *in forma*

*pauperis* status. This argument has been considered by a number of appellate courts and rejected. *See, e.g., Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997); *Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001); *Murray v. Dosal*, 150 F.3d 814, 817 (8th Cir. 1998). Application of § 1915(g) does not implicate Brown's constitutional rights.

## Conclusion

Having conducted a de novo review of the issues presented, the Court finds that Brown fails to show that the § 1915(g) bar should not apply to this lawsuit. The Court will adopt the Magistrate Judge's recommendation that Brown's *in forma pauperis* status be revoked pursuant to 28 U.S.C. § 1915(g). Brown has made three payments, totaling $3.12, toward the $350.00 filing fee. To avoid dismissal of this lawsuit, Brown must pay the remainder of the filing fee within thirty days of the date of this Order.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [33] of United States Magistrate Robert H. Walker is **ADOPTED** as the findings and conclusions of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's *in forma pauperis* status is hereby **REVOKED**. The plaintiff must pay the Clerk of the Court the remainder of the required filing fee within thirty (30) days. Failure to do so will result in dismissal of this lawsuit for want of prosecution under Fed. R. Civ. P. 41(b).

**SO ORDERED AND ADJUDGED** this the 21st day of November, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE